UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-cv-000527-TBR

CARL F. MORRISON and PATTI MORRISON            Plaintiffs

v.

STATE FARM FIRE & CASUALTY            Defendants
INSURANCE COMPANY and SECURA
INSURANCE COMPANY

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs Carl F. Morrison and Patti Morrison's Motion to Remand. (Docket No. 4.) Defendant Secura Insurance Company ("Secura") has responded. (Docket No. 6.) Defendant State Farm has also responded. (Docket No. 7.) Plaintiffs have replied. (Docket No. 8.) This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **GRANT** Plaintiffs' Motion to Remand.

BACKGROUND

On June 26, 2011, Plaintiffs filed a civil action against State Farm Fire & Casualty Insurance Company ("State Farm") and Shannon G. Caffee in the Jefferson Circuit Court, Division 11 in Jefferson County, Kentucky. On January 31, 2013, Plaintiffs filed a Second Amended Complaint in the Action, adding Secura as a defendant and asserting a bad faith claim against Secura. On April 26, 2013, the Jefferson Circuit Court entered an Agreed Order of Partial Dismissal, dismissing

Defendant Caffee from the case. This dismissal created complete diversity. The Notice of Removal in this case was filed on May 28, 2013. (Docket No. 1.)

DISCUSSION

Removal was untimely under 28 U.S.C. 1446(b)

Plaintiff concedes that as a result of Defendant Caffee being dismissed from the state court litigation, complete diversity was established. However, they argue removal is improper under 28 U.S.C. § 1446(b) because Defendant State Farm did not remove the case within one year of the action commencing. In explaining this argument, the Plaintiffs point to Supreme Court commentary on this issue:

> In a case not originally removable from state court, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements- *e.g.,* by reason of a nondiverse party's dismissal-may remove the case to federal court within 30 days. § 1446(b). No case, however, may be removed based on diversity more than 1 year after commencement of the action. •

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). Plaintiffs filed their original complaint on June 24, 2011. The Sixth Circuit has held that "[t]he strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993). 28 U.S.C. § 1446, as in effect at the time Plaintiffs filed the above referenced action, states that:

> **(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after **commencement of the action**. (emphasis added.)

28 U.S.C. 1446(b) (1996).

Plaintiffs argue this case was not initially removable because the existence of Defendant Caffee destroyed diversity.[1] While dismissal of Defendant Caffee established complete diversity, the one-year limitation on removal applies. Therefore, Plaintiff asserts removal is not appropriate.

Essentially, Plaintiffs claim the date of the "commencement of the action" should be considered to be the date Plaintiffs filed the *original* action against Ms. Caffee in state court (June 24, 2011). 28 U.S.C. 1446(b) (1996). On the other hand, Defendant Secura asserts the date of commencement should be considered to be the date the Plaintiffs filed the Second Amended Complaint (January 31, 2013), asserting for the first time a claim against Secura.

This Court has previously considered whether a defendant insurance company brought into the action by the plaintiff on a claim of bad faith greater than 1 year after

---

[1] The parties appear to agree on this issue.

the commencement of the underlying action by the plaintiff may remove the action, pursuant to 28 U.S.C. 1446(b) when complete diversity has been created through the dismissal of non-diverse parties. *Meador v. Indiana Ins. Co.*, No. 1:05CV-206-R, 2006 U.S. Dist. Lexis 4042 (W.D. Ky. Apr. 12, 2007). In *Meador*, the Court ruled that the commencement date for purpose of removal under 28 U.S.C. 1446(b) was the date the defendant insurer was brought in as a party to the action (which in this case would be January 31, 2013). *Id* at *1-2. The Court stated:

> Those whose liability arise out of the same cause of action are bound by the same commencement date; as here, however, where the wrongful action alleged is entirely separate from that of the other defendants, a later commencement date is consistent with the purposes of § 1446(b).

*Id.* at *2. A similar analysis was used *Ryan v. Discover Prop. & Cas. Ins. Co.* to determine the commencement date for purposes of removal under 28 U.S.C. 1446(b) was the date the defendant insurer was brought in as a party to the action (the complaint was amended to add a bad faith claim against the insurer). *Ryan v. Discover Prop. & Cas. Ins. Co.*, No. 3:10-CV-320-H, 2010 U.S. Dist. Lexis 75741 (W.D. Ky. July 27, 2010).

However, the Court later reviewed this precedent and decided to not follow it in a subsequent case. *Riley v. Ohio Cas. Ins. Co.*, 855 F. Supp. 2d 662, 670 (W.D. Ky. 2012) ("On further review, the Court concludes the cases in this district that have permitted multiple commencement dates under § 1446(b) rest on a porous foundation, detached from the precedent surrounding removal . . . Accordingly, the Court declines to follow the district's previous precedent set forth in *Meador* and *Ryan*.") In *Riley*, the

plaintiffs were injured in an automobile accident and filed a complaint in state court on July 23, 2009, against the driver and the driver's employer, alleging vicarious liability. *Id.* at 664. There was no diversity of citizenship (both plaintiffs and defendants were citizens of Kentucky). On August 24, 2011, the plaintiff filed an amended complaint, naming the defendant employer's insurer as a defendant, asserting a claim against the insurer for bad faith. *Id.* On August 24, 2011, an Agreed Order of Partial Dismissal was entered, dismissing the defendant automobile driver and defendant employer from the lawsuit, creating complete diversity. *Id.* On September 13, 2011, the defendant insurer removed the case to federal court on the basis of diversity jurisdiction. *Id.* The plaintiff filed a motion to remand to state court, claiming that the defendant insurer failed to remove within 1 year of the "commencement of the action," as is required by 28 U.S.C. 1446(b). *Id.* As in this case, the plaintiffs claimed the date of commencement was when the original action was filed (July 23, 2009), while the defendant insurer claimed the date of commencement was when the complaint was amended to add the bad faith claim (August 24, 2011). *Id.* Ultimately, the Court declined to follow its previous precedent set forth in *Meador* and *Ryan*. *Id.* at 670.

The Court ruled that the commencement date for purposes of removal under 28 U.S.C. 1446(b) was the date the original complaint was filed (July 23, 2009), essentially overruling *Meador* and *Ryan*. *Id.* The Court in *Riley* engaged in an exhaustive examination and discussion as to why it declined to follow *Meador* and *Ryan*.[2] *Id.* at

---

[2] While the Court declines to rehash the analysis done in *Riley*, the Court notes that the Sixth Circuit has cautioned lower courts on the liberty they may take when construing the statute: "federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be

668. Despite this lengthy examination, Defendant Secura urges us to follow the precedent in *Meador* and *Ryan*.[3] Since the Court explicitly declined to follow this precedent in the more recent *Riley*, and no intervening precedent requires a different result, the Court will continue to apply *Riley*.[4]

## CONCLUSION

Accordingly, the Court rules that the commencement date for purposes of removal under 28 U.S.C. 1446(b) is June 26, 2011. Therefore, the removal was not timely under 28 U.S.C. 1446(b) and Plaintiffs' Motion to Remand will be **GRANTED**.

IT IS SO ORDERED.

Date:

cc:     Counsel

---

resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999).

[3] Defendant Secura also urges us to follow the precedent of a Fifth Circuit case that, although was not actually discussed in *Riley*, was decided at the time the Court issued its opinion in *Riley* in 2012. *Braud v. Transp. Serv. Co.*, 445 F.3d 801 (5th Cir. 2006). The Court merely notes that *Braud* is arguably distinguishable because it involves a situation where a defendant was made a defendant in a Class Action Fairness Act ("CAFA") action and, in any event, is a Fifth Circuit case and not binding.

[4] In the alternative, Plaintiffs claimed removal failed and this case should be remanded to the state court because Defendant State Farm did not consent to removal. Because remand is appropriate for the above reasons and this technical deficiency has been subsequently adequately addressed, the Court finds this consent issue is moot.